**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KPX, L.L.C., an Arizona limited liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>Transgroup Worldwide Logistics, Inc., a Washington corporation; Transgroup Express, Inc., a Washington corporation,<br><br>          Defendants. | CV 04-352 TUC DCB<br><br>**ORDER** |

On reconsideration, this Court affirms its determination that a private cause of action exists pursuant to 49 U.S.C. § 14704(a)(2) for KPX to sue Transgroup for damages resulting from Transgroup's issuance of an airbill and transporting goods by motor vehicle, without any prior or subsequent movement by air carrier and without meeting any of the requisites for the exempt motor carrier transport of the goods in violation of 49 U.S.C. § 13506(8).

Section 14704(a)(2) provides: "A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." It is undisputed that Transgroup is subject to jurisdiction under chapter 135, therefore, KPX has a private cause of action against Transgroup for damages resulting from violations of the Interstate Commerce Act, the part covering Motor Carrier Transportation: 49 U.S.C. § 13101 *et seq.*.

The Court directs the parties to its detailed discussion of *Owner-Operator Driver's Ass'n v. New Prime, Inc.*, 192 F.3d 778 (8th Cir. 1999), which is the subject of Transgroup's Motion for New Trial/Alteration of Judgment. (Order filed December 1, 2005, at 6-10.) Additionally,

the Court finds helpful a district court decision by the Southern District of Texas: *Tayssoun Transportation , Inc. v. Universal AM-CAN, Ltd.*, 2005 WL 1185811 (S.D. Tex., April 20, 2005). "Because Congress would not enact a meaningless provision of law, § 14704(a)(2) clearly provides a private cause of action for *something*, the question is what Congress intended when it created a remedy for damages sustained as a result of an action 'in violation of this part.'" *Id.* at 14 (emphasis in original). The Texas district court, like the circuit court in *New Prime*, was unpersuaded by arguments that subsection (1) limited the scope of subsection (2) 49 U.S.C. § 14704(a). The court rejected the assertion that § 14704(a)(2) pertains only to damages associated with violations of agency orders. "Rather, the statute provides for a private right of action for claims by persons injured by carriers through violations of the provisions of Part B of the Transportation Code, which governs motor carriers and others. *See* 49 U.S.C.A. Part B, 13101 et seq." *Id.* at 14. The court found that there was a private right of action for a damage claim against a carrier for violations of corresponding Truth-in-Leasing regulations.

Discussing *New Prime*, the court noted that its conclusion was contrary to *Renteria v. K & R Transportation, Inc.*, 1999 WL 33268638 (C.D. Cal. February 23, 1999), where the Ninth Circuit refused to allow a private damages action for violations of Truth-in- Leasing regulations, "but *Renteria* has been overruled by implication on this point by the Ninth Circuit in *Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1110 (9th Cir. 2004) ('When Congress abolished the [Interstate Commerce] Commission in 1995, it placed enforcement responsibility with the owner-operators by enacting a statute that provides a private right of action . . ..')." *Tayssoun* at 15. Because of *Swift*, this Court follows *New Prime.*

Transgroup is correct that the cases all involve Truth-in-Leasing provisions, but this coincidence is no reason to correspondingly limit the private cause of action afforded in § 14704(a)(2) to damages for violations of Truth-in-Leasing statutes or regulations. The express language of subsection 2 includes no such limitation and the case law suggests no such distinction.

The Court has reviewed its Order issued on December 1, 2005, and notes that its analysis stopped short of making its conclusion clear that KPX had a private cause of action under 49

U.S.C. § 14704(a)(2) to proceed against Transgroup for damages related to the improper issuance of the airbill by Transgroup in violation of 49 U.S.C. § 13506(8).

The Court held that: "Here, the Plaintiff has standing to bring a private cause of action against Transgroup because KPX's damages resulted directly from the challenged bill of lading/airbill, . . ." (Order at 9.) As noted on page one of the Order, "the Court lacks original jurisdiction over the Carmack Amendment claim, [codified as 49 U.S.C. § 14706], because the amount in controversy under the bill of lading does not exceed $10,000.00." 28 U.S.C. § 1337(a). Therefore, the claim attacking Transgroup's bill of lading, brought pursuant to § 14706, being dismissed for lack of jurisdiction, the analysis should have continued regarding the airbill claim. It continues here.

"The purpose of the $10,000.00 amount in controversy limitation to jurisdiction is to prevent the abuse of the federal judicial process by overloading the federal courts with small freight claims." *Pillsbury Company v. Atchison, Topeka and Santa Fe Railway Company*, 548 F. Supp. 28, 29-30 (Kansas 1982). The jurisdictional amount in controversy limitation does not, however, apply to any of KPX's claims other than those brought pursuant to 49 U.S.C. § 14706. *cf., Old Dominion Freight Line v. Allou Distributors, Inc.*, 86 F. Supp. 2d 92, 93 (E.D. N.Y. 2000). It does not prevent KPX from seeking relief for violations of other provisions of the Interstate Commerce Act, Part B, which governs motor carriers: 49 U.S.C. § 13101 *et seq.* Section 14704(a)(2) provides a private right of action for KPX to sue Transgroup for any damages related to the issuance of the airbill without meeting the requirements for the motor carrier exemptions provided in 49 U.S.C. § 13506(8).

This is the violation alleged in Count III of KPX's Complaint, upon which summary judgment was granted in its favor.

Because the Court affirms its finding that 14704(a)(2) provides a private cause of action for KPX against Transgroup, the Court affirms it ruling that attorney fees are properly awarded under 14704(e). The above clarification serves to correct any confusion created by the misstatement in the section of the Order addressing attorney fees that they were based on the "Carmack Amendment violations alleged in Plaintiff's Complaint, . . .." (Order at 18.)

1     **Accordingly,**

2     **IT IS ORDERED** that the Motion for New Trial (Rule 59)/Motion for Relief from Judgment (Rule 60) (document 46) is DENIED.

4     **IT IS FURTHER ORDERED** that the Order of December 1, 2005, (document 44) shall be amended to clarify the basis for this Court's jurisdiction and entry of judgment for Plaintiff.

DATED this 15th day of February, 2006.

_____
David C. Bury
United States District Judge