**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KPX, L.L.C., an Arizona limited liability company, | CV 04-352 TUC DCB |
| Plaintiff, | |
| vs. | |
| Transgroup Worldwide Logistics, Inc., a Washington corporation; Transgroup Express, Inc., a Washington corporation, | **ORDER** |
| Defendants. | |

On February 21, 2006, this Court affirmed its December 1, 2005, entry of summary judgment in favor of the Plaintiff KPX, L.L.C. (KPX). The Court amended its December 1, 2005, Order to clarify its ruling regarding this Court's jurisdiction over Plaintiff's cause of action and correspondingly amended the Judgment.

Plaintiff prevailed on Count III of its Complaint, Counts I and II were dismissed. Count I was dismissed *sua sponte* by the Court, and Count II was dismissed pursuant to a summary judgment motion filed by Defendants Transgroup Worldwide Logistics, Inc./Transgroup Express, Inc. (Transgroup). The Third-party Complaint by Transgroup against Road-E-O Freight and Road-E-O's counterclaim remain.

On February 21, 2006, the Court entered the Amended Judgment for KPX for $7,946.00 and awarded attorney fees for KPX, pursuant to 49 U.S.C. § 14704(e).

On March 7, 2006, KPX filed a Bill of Costs, including its request for attorneys' fees.

Transgroup filed an Objection to the Bill of Costs because attorney fees are not recoverable by a Bill of Costs, and KPX failed to comply with federal and local rules for submitting motions for attorney fees to this Court.  KPX filed a Motion for Leave to Supplement its request for attorney fees contained in its Bill of Costs to comply with Fed. R. Civ. P. 54(d)(2) and Local Rule 54.2.  Transgroup objected because the deadline for KPX to file a Motion for Attorney fees has expired, and KPX is foreclosed from obtaining its attorney fees.

On March 7, 2006, Transgroup filed a Motion for Attorney Fees based on this Court's dismissal of Counts I and II.  KPX objected to Transgroup's Motion for Attorney Fees arguing that Transgroup may not seek attorney fees as a prevailing party because even though Counts I and II were dismissed, Transgroup did not prevail on the damage claim.

On March 20, 2006, Transgroup filed a Notice of Appeal.

**Transgroup's Request for Attorney Fees.**

Transgroup requests attorney fees pursuant to A.R.S. § 12-341.01 as the prevailing party on Counts I and II.  Transgroup did not prevail on these counts.  Rather, this Court *sua sponte* dismissed Count I, the Carmack Amendment claim, 49 U.S.C. § 14706.  The Court dismissed the Carmack Amendment claim "because the amount in controversy under the bill of lading does not exceed $10,000.00."  (Order filed February 21, 2006, (Order), at 1.)   Because transportation contracts are governed by the Carmack Amendment to the exclusion of state law remedies, the Court dismissed the contract claim, Count II of the Complaint.  (Order at 15.)

Transgroup's motion for summary judgment was granted in part as to Counts I and II, but had no substantive affect on the case because KPX prevailed on Count III, its claim brought pursuant to  49 U.S.C. § 14704(a)(2) for damages resulting from Transgroup's improper issuance of an airbill.   KPX's damages were measured the same as they would have been pursuant to contract law or the Carmack Amendment: the amount specified in the bill of lading.  (Order at 17.)  As to its claim for damages, KPX was the sole prevailing party.  Transgroup's request for attorney fees will be denied.

/////

**KPX's Request for Attorney Fees.**

The Court's Order granting summary judgment for KPX, included an award of attorney fees, as follows: "Plaintiff's attorney fees shall be taxed and collected in this matter as part of the costs of the action." (Order at 20.) KPX was awarded attorney fees pursuant to 49 U.S.C. § 14704(e), (Order at 19), which provides: "The district court shall award a reasonable attorney's fee under this section. The district court shall tax and collect the fee as part of the costs of the action."

However, collecting attorney fees as part of the costs of the action, pursuant to a Bill of Costs, is contrary to Fed. R. Civ. P. 54(d)(2) and Rules of Practice of the United States District Court for the District of Arizona (Local Rules), 54.2, which provide that "attorney fees and related non-taxable expenses" shall be requested by motion. . .. " "Costs other than attorneys' fees shall be allowed as of course to the prevailing party . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Fed. R. Civ. P.54(d)(1).

To clarify, costs that may be taxed by the Clerk are those which shall be allowed as of course and are submitted to the Clerk by a Bill of Costs. Attorney fees and other costs that may or may not be allowed must be submitted to the Court by motion. In other words, attorneys' fees are not costs that can be taxed under Rule 54(d)(1). *The Cincinnati Insurance Company v. Dynamic Development Group, L.L.C.,* 336 F. Supp. 2d 552, (N. C. 2004). Paragraph (d)(2) "establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'" Fed. R. Civ. P.54, Advisory Committee Notes, 1993 Amendments.

The party seeking attorney fees must file its motion within 14 days of the entry of judgment in the action. LRCiv 54.2(b)(1); Fed. R. Civ. P.54(2)(B). Where service is performed by mail, Rule 6(e) adds an additional three days. Here, the Amended Judgment was entered on February 21, 2006. The motion requesting attorney fees was due March 10, 2006. The Bill of Costs requesting attorney fees was filed on March 7, 2006, but Transgroup argues that KPX has failed to timely file the motion for attorney fees required by the local and the federal rules of civil procedure.

- 3 -

The purpose of the 14 day provision for filing the motion for attorney fees is to assure that the opposing party is informed of the claim before the time for appeal has elapsed. Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind and enable the court to appropriately make its ruling on a fee request in time for appellate review of a dispute over fees to proceed at the same time as review on the merits of the case. Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments, ¶ 2.

"If an appeal on the merits of the case is taken the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or granting of rule 59 motion." *Id.*

Because of the confusion created by the statutory language that attorney fee awards under 49 U.S.C. § 14704(a)(2) shall be taxed and collected as part of the costs of the action, the Court denies, without prejudice, the request for attorney fees filed by KPX in the Bill of Costs submitted on March 7, 2006. A notice of appeal having been filed by Transgroup, the Motion for Attorney fees shall be filed within 20 days of a Mandate being issued by the Ninth Circuit Court of Appeals affirming this Court's disposition of KPX's claims.

**Accordingly,**

**IT IS ORDERED** that the Motion for Attorney Fees filed by Transgroup (document 57) is DENIED.

**IT IS FURTHER ORDERED** that the request for attorney fees included in the Bill of Costs submitted to the Clerk of the Court on March 7, 2006, by KPX is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that in the event a Mandate issues affirming this Court's disposition of KPX's claims, the Motion for Attorney fees shall be filed within 20 days of the Mandate being entered by the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Ann Soucie, Administrative Assistant to the Chief Deputy Clerk of the Court for the United States District Court of Arizona.

DATED this 30th day of March, 2006.

David C. Bury
United States District Judge

*copy to A. Soucie by cjs 3/31/06*